IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ARTHUR LEE BERRY | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0085-G-BD |
| | § | |
| T. HUDGINS, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Arthur Lee Berry, a Texas pretrial detainee, against T. Hudgins, a private security guard, and J. Scott Bennett, a Dallas police officer. On January 13, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Upon further review, the court determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint, plaintiff appears to allege that he was wrongfully detained and arrested by defendants on or about July 3, 2010. After plaintiff was

detained by Hudgins for an unspecified reason, Dallas police officers were called to the scene. Plaintiff alleges that one of the police officers, J. Scott Bennett, found an aluminum Altoids container lying on the ground. Bennett claimed the container fell out of plaintiff's left pants pocket. Plaintiff said the container did not belong to him, and gave Bennett permission to open it. Apparently, drugs were found inside the container, and plaintiff was arrested for possession of a controlled substance. (*See* Plf. Compl. at 4, ¶ V).

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-40 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989).

B.

This is the second time plaintiff has sued Hudgins and Bennett in connection with his arrest on July 3, 2010. A prior action brought by plaintiff against these defendant was dismissed as frivolous on December 30, 2010. *See Berry v. Bennett*, No. 3-10-CV-2160-D, 2010 WL 5464879 (N.D. Tex. Dec. 6, 2010), *rec. adopted*, 2010 WL 5485896 (N.D. Tex. Dec. 30, 2010). The court

therefore concludes that the instant case, which alleges claims that are duplicative of those asserted in the prior action, should be summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2). *Pittman*, 980 F.2d at 995; *Wilson*, 878 F.2d at 849.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 14, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE